UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DORIS GRIFFIN,** | ) | Case No. 08 C 5404 |
| | ) | |
| Plaintiff, | ) | Judge Castillo |
| | ) | |
| v. | ) | Magistrate Judge Ashman |
| | ) | |
| **P.O. ERICK SENG #16301 & P.O. ANTHONY** | ) | Jury Demand |
| **JANNOTTA #18308, individually, and the CITY** | ) | |
| **OF CHICAGO** | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT

NOW COMES the Plaintiff, DORIS GRIFFIN, by and through her attorneys, GREGORY E. KULIS and ASSOCIATES, and complaining against the Defendants, P.O. ERICK SENG and P.O. ANTHONY JANNOTTA, individually, and the CITY OF CHICAGO as follows:

### COUNT I – EXCESSIVE FORCE/FAILURE TO INTERVENE

1) This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff accomplished by acts and/or omissions of the Defendant committed under color of law.

2) Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

3) The Plaintiff, DORIS GRIFFIN, at all relevant times, was a United States citizen and permanent resident of the State of Illinois.

4) The Defendants, P.O. ERICK SENG and P.O. ANTHONY JANNOTTA, were at

1

all relevant times duly appointed police officers of the City of Chicago and at all relevant times was acting within the scope of their employment and under color of law.

5) On or about May 19, 2008, the Plaintiff was behind her house at 1449 North Lawler in the City of Chicago, Illinois, when she was approached by the Defendants, P.O. ERICK SENG and P.O. ANTHONY JANNOTTA.

6) One of the Defendants demanded the Plaintiff let him in the house to get a person he was chasing.

7) No person had gone into the Plaintiff's house.

8) The Plaintiff informed the Defendant that no one ran by and ran into any house.

9) The Plaintiff was not committing a crime or breaking any laws.

10) One of the Defendants battered/pushed the Plaintiff in the chest and assaulted her with his gun, threatening to kill her and verbally abusing her.

11) The other Defendant witnessed these actions and did nothing to intervene.

12) The Defendant did not have probable cause or provocation to use of such force to arrest the Plaintiff.

13) Said actions and inactions of the Defendants, P.O. ERICK SENG and P.O. ANTHONY JANNOTTA, were intentional, willful and wanton.

14) Said actions and inactions of the Defendants, P.O. ERICK SENG and P.O. ANTHONY JANNOTTA, violated the Plaintiff's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

15) As a direct and proximate consequence of said conduct of the Defendants, Plaintiff DORIS GRIFFIN suffered violations of her constitutional rights, monetary expense,

fear, emotional distress, and pain and suffering.

WHEREFORE, the Plaintiff, DORIS GRIFFIN, prays for judgment against the Defendants, P.O. ERICK SENG and P.O. ANTHONY JANNOTTA, jointly and severally, in an amount in excess of TWENTY THOUSAND AND 00/100 ($20,000.00) DOLLARS compensatory damages and TEN THOUSAND AND 00/100 ($10,000.00) DOLLARS punitive damages, in addition to attorney's fees and costs.

## COUNT II-ASSAULT AND BATTERY

1-10)   The Plaintiff, DORIS GRIFFIN, hereby re-alleges and incorporates her allegations of paragraphs 3-12 of Count II as her respective allegations of paragraphs 1-10 of Count I as though fully set forth herein.

11)   The actions of one or both of the Defendants constitute assault and battery under Illinois law.

WHEREFORE, the Plaintiff, DORIS GRIFFIN, prays for judgment against the Defendants, P.O. ERICK SENG and P.O. ANTHONY JANNOTTA, jointly and severally, in an amount in excess of TWENTY THOUSAND AND 00/100 ($20,000.00) DOLLARS compensatory damages and TEN THOUSAND AND 00/100 ($10,000.00) DOLLARS punitive damages, in addition to costs.

## COUNT III-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1-10)   The Plaintiff, DORIS GRIFFIN, hereby re-alleges and incorporates her allegations of paragraphs 3-12 of Count I as her respective allegations of paragraphs 1-10 of Count III as though fully set forth herein.

11)   The Plaintiff was hospitalized as a result of the actions and inactions of the

Defendants.

12) The actions of one or both of the Defendants, P.O. ERICK SENG and P.O. ANTHONY JANNOTTA, constitute intentional infliction of emotional distress under Illinois law.

WHEREFORE, the Plaintiff, DORIS GRIFFIN, prays for judgment against the Defendants, P.O. ERICK SENG and P.O. ANTHONY JANNOTTA, jointly and severally, in an amount in excess of TWENTY THOUSAND AND 00/100 ($20,000.00) DOLLARS compensatory damages and TEN THOUSAND AND 00/100 ($10,000.00) DOLLARS punitive damages, in addition to costs.

### COUNT IV—INDEMNIFICATION AGAINST THE CITY OF CHICAGO

1-15) The Plaintiff, DORIS GRIFFIN, hereby re-alleges and incorporates her allegations of paragraphs 1-15 of Count I as her respective allegations of paragraphs 1-15 of Count IV as though fully set forth herein.

16) Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

17) Defendants P.O. ERICK SENG and P.O. ANTHONY JANNOTTA are or were employees of the City of Chicago, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, should Defendants P.O. ERICK SENG and P.O. ANTHONY JANNOTTA be found liable for the acts alleged above, Defendant CITY OF CHICAGO would be liable to pay the Plaintiff any judgment obtained against said Defendants.

**JURY DEMAND**

      The Plaintiff, DORIS GRIFFIN, requests a trial by jury.

                                    Respectfully submitted,

                                    /s/ Ronak Patel
                                    GREGORY E. KULIS AND ASSOCIATES

GREGORY E. KULIS AND ASSOCIATES
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
(312) 580-1830